# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 31, 2012

No. 11-50662
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS EDUARDO JARAMILLO, also known as Jesus Jaramillo,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-207-6

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Jesus Eduardo Jaramillo pleaded guilty to conspiracy to possess with the intent to distribute at least 1000 kilograms of marijuana, conspiracy to posses with the intent to distribute at least five kilograms of cocaine, and conspiracy to commit money laundering. His guidelines range of imprisonment was calculated at 108 to 135 months of imprisonment, although his two drug offenses were subject to mandatory minimum sentences of 120 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50662

At Jaramillo's sentencing hearing, the district court pronounced concurrent sentences of 108 months. Defense counsel pointed out the mandatory minimum, and the district court corrected Jaramillo's sentences to concurrent 120-month terms. Jaramillo now appeals, arguing that he received ineffective assistance of counsel because defense counsel corrected the district court to his detriment.

To establish ineffective assistance, Jaramillo must show that counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Bishop*, 629 F.3d 462, 469 (5th Cir. 2010) (observing that the *Strickland* standard of review applies in direct appeals raising ineffective assistance of counsel claims). A failure to establish either prong defeats the claim. *Strickland*, 466 U.S. at 697. To demonstrate deficient performance, Jaramillo must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. He must overcome a "strong presumption" that counsel's performance was "within the wide range of reasonable professional assistance." *Id.* at 689.

"[T]he proper measure of attorney performance [is] simply reasonableness under prevailing professional norms." *Moore v. Quarterman*, 534 F.3d 454, 467 (5th Cir. 2008). (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). "Prevailing norms of practice as reflected in American Bar Association standards and the like . . . are guides to determining what is reasonable." *Wiggins*, 539 U.S. at 521. American Bar Association Standard 4-1.2(g) provides, "Defense counsel should disclose to the tribunal legal authority in the controlling jurisdiction known to defense counsel to be directly adverse to the position of the accused and not disclosed by the prosecutor." Defense counsel did not perform deficiently by preventing the district court from making an error of law.

AFFIRMED.